

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Mr. Carpenter;

Opinion No. 0-2241

Re: May the Commission legally destroy its records after reducing them to "recordak film picture records" or similar form? If so, how long must they be preserved before being destroyed, and other pertinent inquiries.

This will acknowledge receipt of your letter asking for a legal opinion from this department as follows:

"1. May the Commission legally destroy its records after reducing them to 'recordak film picture records' or similar form?

"2. If it may so destroy them, how long must they be preserved before being destroyed?

"3. Are the records of the Commission admissible as evidence in civil and criminal proceedings in the courts of Texas upon being identified as such?

"4. Are photographic, (such as recordak film picture records) photostatic and certified copies of such records admissible?"

For convenience sake, we have numbered the questions propounded and will answer them in that order.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPRO   D BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is academic to say that the Texas Unemployment Compensation Commission, being a creature of the statute as a governmental agency, has only those powers that are conferred upon it by the statute, either expressly or by necessary implication.

The Unemployment Compensation system for the State of Texas was created by S. B. No. 5, ch. 482 of the third called session 44th Legislature. By the provisions of that Act various instruments or documents are to be filed with the Commission, divers proceedings are to be had, and books and records of various kinds are required to be kept. There appears, however, to be no requirement for the registry or recordation of any instrument or document coming into the hands of the Commission, neither does the Act contain any direction whatsoever as to the preservation amongst the archives of the department of the various instruments, papers, documents and the like coming into its possession. Obviously, however, the law contemplates that such papers, instruments, documents, books, accounts, and the like, pertaining as they do to the administration of a department of the Government, should be preserved. Public policy would require as much. Moreover, the Act expressly declares that "the Commission may make the State's records relating to the administration of this Act available to the Railroad Retirement Board and may furnish the Railroad Retirement Board at the expense of such Board, such copies thereof as the Railroad Retirement Board deems necessary for its purposes." This really implies the requirement for the preservation of "records relating to the administration" of the Act.

Of course, where a statute authorizes the recordation of an instrument the transcription may be by the photographic process, as well as by calligraphic process. We so held in our Opinion No. O-637. So, also, where certified copies of records are permitted, the copies so certified may be phostatic as well as typewritten or handwritten.

1. The Commission may not legally destroy any of its records at any time, for, as we have seen, they constitute the permanent archives of that department, and there is no statute authorizing such destruction.

2. No lapse of time will authorize the destruction of the records or documents constituting the archives of your department in the absence of a statute authorizing such destruction.

3. The records of the Commission are admissible as evidence in any case where they are pertinent under the established rules of evidence, but the statute nowhere makes them original evidence merely because they constitute a part of the archives of a public office.

4. This question is answered by Article 3720 of the Revised Civil Statutes, which is as follows:

"Copies of the records and filed papers of all public officers and custodians of records of minutes of boards, etc., and courts of this State, certified to under the hand, and the seal if there be one, of the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible. Translated copies of all records in the land office certified to under the hand of the translator, and the Commissioner of the General Land Office, attested with the seal of said office, shall be prima facie evidence in all cases where the original records would be evidence."

Trusting that the answers here given to your questions will be satisfactory, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By            Ocie Speer
              Assistant

OS-MR

APPROVED APR 27, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

